**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GARY LEE WADDEL,

      Petitioner-Appellant,

v.

JUSTIN JONES,

      Respondent-Appellee.

No. 09-6241
(D.C. No. 5:08-CV-00873-W)
(W. Dist. Okla.)

**ORDER***

Before **HARTZ**, **SEYMOUR** and **ANDERSON**, Circuit Judges.

Mr. Gary L. Waddel seeks a certificate of appealablity (COA) to appeal the district court's denial of his petition for habeas relief. He also seeks leave to proceed *in forma pauperis* on appeal.[1] Affording the Oklahoma Court of Criminal Appeals (OCCA) the deference it is due under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), we deny his requests and dismiss this appeal.

---

*This order is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

[1]We grant Mr. Waddel's request to file his Supplemental Brief.

In three consolidated state court cases, Mr. Waddel was convicted of and sentenced for possession of a controlled substance, two kidnaping charges involving different victims, rape, and unauthorized use of a motor vehicle. The OCCA affirmed his conviction on direct appeal. He filed a petition for state post-conviction relief which was denied at the trial court level but not appealed.

On August 19, 2008, Mr. Waddel filed *pro se* the instant petition for habeas relief pursuant to 28 U.S.C. § 2254. His petition specifically alleged four grounds for relief: the evidence was insufficient to support the verdict; the trial court committed reversible error by admitting an in-court identification of him subsequent to an allegedly tainted pretrial photo line-up; his incriminating statements were obtained in violation of his Fourth Amendment rights; and the trial court erred in admitting police reports into evidence. Construed liberally as required by *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), his petition also alleged constitutionally deficient performance by attorney Michael Gassaway, his counsel at trial and on appeal.

The government moved to dismiss the petition for failure to exhaust state remedies. A magistrate judge recommended that Mr. Waddel's petition be stayed pending exhaustion of his state court remedies. The district court agreed, denied the motion to dismiss, and administratively closed the case subject to Mr. Waddel exhausting his state court remedies.

On February 24, 2009, Mr. Waddel filed a motion to resume jurisdiction.

-2-

The magistrate judge issued a supplemental Report and Recommendation (R&R) applying AEDPA and recommending denial of the petition. The district court adopted the R&R, denied the petition, and denied Mr. Waddel's request for a COA.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

Because the OCCA addressed both Mr. Waddel's ineffective assistance claim and his sufficiency of the evidence challenge on the merits, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of his request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). AEPDA provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id*. § 2254(d)(2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. (brackets and internal quotation marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable.

In his request for a COA, Mr. Waddel first asserts ineffective assistance of counsel at trial and on appeal. *See* Aplt. Br. at 3. To prevail on his ineffective assistance claim, Mr. Waddel must show that "(1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The OCCA reviewed this

claim on the merits and rejected it on the basis that Mr. Waddel had failed to satisfy his burden of proof. For the reasons set forth by the magistrate judge in his very thorough R&R, we conclude that Mr. Waddel has not demonstrated that the OCCA's adjudication of this claim was an unreasonable application of the *Strickland* standard.

Construed liberally, we also read Mr. Waddel's request for a COA to challenge the sufficiency of the evidence underlying his conviction. *See* Aplt. App. for COA at 3. Evidence is sufficient to sustain a conviction if, "'after viewing [it] in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Dockins*, 374 F.3d at 939 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In addressing this challenge on direct appeal, the OCCA examined the trial record, as well as the transcripts and briefs of the parties, and concluded that in light of the abundance of evidence supporting conviction, "a rational trier of fact could find, beyond a reasonable doubt, that Appellant kidnapped [sic.] both victims and succeeded in raping one of them." Rec., vol. I at 101. That evidence included Mr. Waddel's incriminating statements, positive identification by both victims, and considerable circumstantial evidence as detailed by the magistrate judge. Mr. Waddel has not demonstrated that the OCCA's determination was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

United States." *See* § 2254(d)(1).

Mr. Waddel also raises a due process challenge to the state prosecutors' alleged withholding of exculpatory DNA evidence under *Brady v. Maryland,* 373 U.S. 83 (1963), but this claim was not previously raised by Mr. Waddel, either in state court or in the district court. We therefore decline to address the *Brady* claim.

Accordingly, we **DENY** Mr. Waddel's petition for a COA and his request to proceed *in forma pauperis* and **DISMISS** this appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge